IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| STACIE L. McGINNIS, ET AL.. § | |
| § | |
| V. § | CIVIL ACTION NO. G-11-214 |
| § | |
| INTEROCEANICA AGENCY, INC., § | |
| ET AL. § | |

### OPINION AND ORDER

Before the Court is the "Motion to Designate Responsible Third Parties" of Defendants Interoceanica Agency, Inc. and Isabella Shipping Co., Inc.. The Motion is opposed by Plaintiffs.

The District Court will recall that this case involves the death of Darcy McGinnis who was crushed beneath the frozen wheels of the Defendants' chassis at the Port of Freeport, Texas. The Defendants want to designate McGinnis's employer, Ports America Texas, and his co-worker, Hector Salazar, who, while driving the attached "hustler" pulled the chassis over McGinnis's body.

Plaintiffs first argue that because Ports America will be vicariously liable for Salazar's actions, the additional designation of Salazar is improper; however, Ports America and Salazar are being sued for different reasons. Ports America is accused of failing to properly train Salazar and failing to have appropriate policies and procedures in place. Salazar, on the other hand, is accused of failing to warn McGinnis he was about

to pull the chassis forward.  Under Texas law "co-workers may sue each other for injuries inflicted upon each other in their common employment, resulting from personal negligence, even though an action would not lie against their employer when an employee breaches an independent duty of care owed to fellow employees." Werner v. Colwell, 909 S.W. 2d 866, 868 (Tex. 1995) ("There is an independent duty the breach of which is personal negligence if a fellow employee fails to drive an automobile or other vehicle in a reasonably safe and prudent manner, causing injury to third parties or a fellow employee.") (citing LeSage v. Pryor, 137 Tex. 455, 154 S.W. 2d 446, 449 (1941)) Since Salazar is primarily liable for his own torts, despite Ports America's vicarious liability, his designation would be proper.

Plaintiffs also argue that the current Texas statute bars the designations because the statute of limitations has run as to any claims that may have been asserted against Ports America or Salazar.  The applicable statute, however, is the version of Section 33.004, Tex. Civ. Prac. & Rem. Code, in effect at the time Plaintiffs' suit was filed, November 29, 2010, which permitted designations made upon stale claims.  The 2011 amendments, effective September 1, 2011, provided "a civil action commenced before the effective date of the change in law as provided by this Article is governed by the law in effect immediately before the effective date of the change in law, and that law is continued in effect for that purpose."  Section 6.01 of Acts 2011, 82nd Leg. ch. 203 (H.B. 274) Consequently, under the applicable Texas statute, the designations are authorized.

Insofar as Plaintiffs may be arguing that the Defendants' current motion is simply impermissibly dilatory, the Court must disagree. The Court concedes that the Defendants have been aware of the potential assertions against Ports America and Salazar since the day of McGinnis' death, but given the procedural history of this case and the fact that trial is not set until September 14, 2015, the Court cannot find any intolerable prejudice in allowing the designations.

It is, therefore, the **ORDER** of this Court that "Interoceanica Agency, Inc. and Isabella Co., Inc.'s Motion to Designate Responsible Third Parties" (Instrument no. 68) is **GRANTED**.

**DONE** at Galveston, Texas, this ____10th____ day of April, 2014.

John R. Froeschner
United States Magistrate Judge